UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                             Case No. 8:14-cr-360-T-33TBM

MIKEIL ROYAL, ET AL.
_____/

**ORDER**

This matter comes before the Court upon consideration of Defendant Mikeil Royal's Motion for Dismissal of Count Three of the Indictment and/or, in the alternative, Pretrial Election (Doc. # 88), filed on December 1, 2014. The Government filed a response in opposition to the Motion on December 10, 2014. (Doc. # 92). For the reasons that follow, the Motion is denied.

**I. Background**

On August 26, 2014, a grand jury returned a multi-count indictment against Royal, along with six other individuals. (See Doc. # 1). According to the indictment, between October of 2011, and March of 2014, Defendants participated in a conspiracy to obtain actual names and social security numbers of deceased individuals and use this information to file false and fraudulent income tax returns. (Id.). The indictment further provides that refunds received by filing these

individual tax returns were then electronically deposited in accounts controlled by Defendants. (Id.).

Counts Two through Eight of the indictment charge the individual Defendants with theft of government monies in violation of 18 U.S.C. § 641 when the refunds were deposited in Defendants' accounts. (Id.). Count Three charges Royal with a violation of 18 U.S.C. § 641 for three deposits occurring on October 30, 2012, into an account allegedly controlled by him. (Id.). On December 1, 2014, Royal filed the present Motion (Doc. # 88), which is ripe for the Court's review.

## II. Discussion

According to Royal, "it is clear that three separate offenses are charged in [Count Three,] in violation of Fed. R. Crim. P. 8(a)." (Id. at 3). Specifically, Royal provides that "[t]he [G]overnment must prove that [Royal] fraudulently submitted three different returns and that three different refunds were deposited as part of its proofs. The evidence will not be identical as to each allegation." (Id.). Thus, Royal argues that "Count Three is duplicitous in that it charges three separate acts [as] a single crime." (Id. at 1).

2

In order to cure the alleged duplicitous nature of Count Three, Royal submits that several remedies are available to this Court. (Id. at 3). Namely, "[t]he Count may be dismissed; however, this remedy is normally utilized when the duplicitous nature of the charge becomes apparent at the appellate stage of the proceedings. At the pretrial [stage], . . . the Court may require the Government to elect which charge it will proceed upon." (Id. at 3-4)(citing United States v. Adamson, 700 F.2d 953 (11th Cir. 1983)).

A count in an indictment is duplicitous if it charges two or more "separate and distinct" offenses. United States v. Schlei, 122 F.3d 944, 977 (11th Cir. 1997). The Schlei Court recognized that a duplicitous count poses three dangers: "(1) A jury may convict a defendant without unanimously agreeing on the same offense, (2) A defendant may be prejudiced in a subsequent double jeopardy defense, and (3) A court may have difficulty determining the admissibility of evidence." Id.

The key issue for a court to determine is "what conduct constitutes a single offense." Schlei, 122 F.3d at 977; cert. denied 523 U.S. 1077 (1998). To that end, "the test for determining whether several offenses are involved is whether

3

identical evidence will support each of them, and if any dissimilar facts must be proved, there is more than one offense." Bins v. United States, 331 F.2d 390, 393 (5th Cir. 1964)(citing Blockburger v. United States, 284 U.S. 299 (1932)).

According to the Government, Count Three of the indictment provides that Royal violated 18 U.S.C. § 641, "and more specifically, that [Royal] engaged in conduct which resulted in the stealing, embezzling, purloining, or converting to his own or others' use, income tax refund money belonging to the United States." (Doc. # 92 at 6). Moreover, the Government argues that "the basic operative facts which constituted the violation which Count Three alleges all occurred on October 30, 2012." (Id.). Specifically, the Government contends that on October 30, 2012, Royal received, "into an account bearing his name at Fidelity Investments, the fraudulent income tax returns of three deceased taxpayers." (Id.).

> These [October 30, 2012,] deposits to [Royal's] account were part and parcel of the repetitive nature of the fraud scheme that is set forth in [the] indictment. They represent just one instance of the receipt by a defendant in this indictment of income tax refund proceeds which the defendants had obtained by fraudulent means. The deposits of

4

> October 30, 2012[,] were thus all part of a common and overarching scheme to steal government funds and commit aggravated identity theft.

(Id.). Therefore, according to the Government, Count Three does not constitute a duplicitous allegation. (See Doc. # 92).

Upon review of the indictment, the Court finds that the three deposits, each occurring on October 30, 2012, set forth in Count Three of the indictment can be consolidated into a single count as they were part of a single, continuing scheme that occurred within a short period of time and that involved the same defendant - Royal. See United States v. Robin, 693 F.2d 376, 378 (5th Cir. 1982)(concluding that the consolidation of several threatening acts by the defendant into one count was not duplicitous because they were "part of a single, continuing scheme that occurred within a short period of time and that involved the same defendant."). "The consolidation is proper and thus the indictment is not duplicitous notwithstanding that each statement alone might constitute an offense." See Id.

Nonetheless, even if this Court were to determine that Count Three is a duplicitous allegation, duplicity is not usually fatal to an indictment. See United States v. Robinson,

5

651 F.2d 1188, 1194 (6th Cir. 1981). To that end, courts have noted that "the rules regarding duplicity are pleading rules and, as such, the defendant's remedy is to move to require the prosecution to elect the charge within the count and that a duplicitous indictment is remediable by a jury instruction particularizing the offense charged in each count." United States v. Abdi, No. 1:13-CR-00484-JEC, 2014 WL 3828165, *6 (N.D. Ga. Aug. 4, 2014)(citation omitted). "That is, generally, any confusion or risk of non-unanimity can be appropriately addressed and eliminated by . . . careful jury instructions." Id.; see Reno v. United States, 317 F.2d 499 (5th Cir. 1963)(limited the trial strictly to a single charge by an instruction to the jury); Bins, 331 F.2d at 393 ("Since there is an approved procedure for submitting duplicitous counts by limiting instructions, the judgment, as to counts one and two, is reversed and remanded.").

Therefore, although the Court finds that Count Three is not duplicitous in nature, in an abundance of caution, the Court will be amenable to the parties submitting a proposed jury instruction directing the jury to consider all three discrete acts alleged in Count Three as a single charged offense. Furthermore, the Court denies Royal's alternative

6

request that the Government be required to make a pretrial election of charges as to Count Three.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

Defendant Mikeil Royal's Motion for Dismissal of Count Three of the Indictment and/or, in the alternative, Pretrial Election (Doc. # 88) is **DENIED**.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 15th day of December, 2014.

*[Signature]*
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel of Record